# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**vs.**                                                **Case No. 95-20086-01-JWL**

**Rasheed Olds,**

      **Defendant.**

## MEMORANDUM AND ORDER

### Background

On July 23, 1996, defendant entered a plea of guilty to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and to one count of conspiracy to launder money in violation of 21 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(h). (Doc. 590). On May 9, 1997, this court sentenced defendant to life imprisonment. (Doc. 860). Thereafter, the Tenth Circuit affirmed defendant's sentence and the Supreme Court denied his petition for a writ of *certiorari*. (Doc. 951), *cert. denied*, 525 U.S. 1087 (1999). Thereafter, defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was denied on July 5, 2000. (Doc. 995). This matter, filed on December 3, 2007 is presently before the court on a petition to ask the court to recall its mandate. (Doc. 1106).

Although filed in this court, it does not appear that defendant is seeking any relief from this court. Instead, defendant appears to be asking for relief from the Tenth Circuit. Specifically, defendant requests that the appellate court recall its mandate in his criminal case. Of course, this court is without authority to alter the mandate of an appellate court.

Thus, to the extent he is asking this court for such relief, his motion is denied without prejudice to his ability to re-file his motion before the Tenth Circuit.

Discussion

I. 28 U.S.C. § 2255

Although defendant asks for a recall of the appellate court's mandate, his motion essentially challenges his sentence, and is thus properly construed as a motion pursuant to 28 U.S.C. § 2255.[1]  So construed, however, the motion is a second or successive motion and is not properly before the court.[2]  In pertinent part, 28 U.S.C. § 2255 provides that a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In accordance with the above, defendant was required to seek, and acquire, the approval of the Tenth Circuit before filing a second § 2255 motion before this court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Defendant's motion does not indicate that he has sought or obtained such permission.

---

[1] Defendant states that his sentence was caused by "unconstitutional sentencing procedures" and petitions the court to ask the Tenth Circuit Court of Appeals to recall its mandate so that this court may "resentence the defendant." (Doc. 1106 at 1-2).

[2] As previously mentioned, defendant previously filed a § 2255 motion which was denied on July 5, 2000. (Doc. 995).

2

Until defendant does so, this court does not have the authority to hear this motion and will not reach the merits.

II. Request to Recall Mandate

Although the court will not reach the merits of defendant's motion, the court feels constrained to mention that the Supreme Court has held that Courts of Appeals have "inherent" authority to recall their mandates. *Calderon v. Thompson*, 523 U.S. 538, 549 (1998). The Court has cautioned, however, that the power to recall mandates should be "exercised only in extraordinary circumstances" and that the "sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen, contingencies." *Id*. The Tenth Circuit has held that:

> It may be unfortunate, but it is not grave, unforeseen, or extraordinary, that the Supreme Court renders decisions that are inconsistent with prior final decisions of the lower courts. The proper avenue for reconsideration, in cases involving continuing confinement, is via habeas. Whether relief is available via habeas depends, in part, on whether the Supreme Court's supervening rulings are intended to apply retroactively.

*United States v. Falls*, No. 03-2137, 2005 WL 846237 (10th Cir. April, 13, 2005).

The Tenth Circuit has further held that *United States v. Booker*, 543 U.S. 220 (2005), is not retroactive and is simply not the type of unforeseen contingency which warrants recall of a mandate. *See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) (concluding that neither *Blakely* nor *Booker* are to be applied retroactively). Thus, not only is a motion to recall a mandate the improper means for challenging confinement pursuant to an allegedly unconstitutional sentence, but the circumstances here simply do not meet the extraordinary circumstances required to recall a mandate. Further, because *Booker* is not retroactive, defendant will face an uphill battle if he chooses to obtain certification of a successive § 2255 motion by the Tenth Circuit.

3

<u>Conclusion</u>

For the foregoing reasons, defendant's motion to ask appellate court to recall its mandate is denied without prejudice insofar as it requests that this court ask the Tenth Circuit to recall its mandate in his criminal case.  To the extent that defendant's motion is properly construed as a § 2255 motion, it is dismissed because it has not been certified by the Tenth Circuit.

IT IS SO ORDERED.

Signed this 4th day of March, 2008.

<u>s/ John W. Lungstrum</u>
JUDGE JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE