## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.  95-20086-01** |
| ) | |
| **RASHEED JAMAL OLDS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Rasheed Jamal Olds, known as James Walton during the original proceedings, is currently serving a life sentence in prison.  His case is now before the court on his Motion to Reduce Sentence (Doc. 1117).  For the reasons discussed below, this motion is denied.

## BACKGROUND

In 1996, Mr. Olds pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base.  During the sentencing portion of his case, this court concluded that Mr. Olds was responsible for 6.25 kilograms of crack cocaine.  Mr. Olds was in criminal history category IV, and his total offense level was 43.  He was sentenced to life in prison.

## DISCUSSION

Mr. Olds suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1).

Mr. Olds relies on Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1. U.S.S.G. app. C Supp. Amend. 706. Amendment 706 is listed as a covered amendment in § 1B1.10, U.S.S.G. § 1B1.10 (Supp. 2008), so it applies retroactively and may serve as support for a § 3582 reduction in sentence. *See* U.S.S.G. app. C Supp. Amend. 713.

Section 1B1.10 also provides, however, that a reduction in sentence is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). This provision stands as a bar to Mr. Olds's request for relief.

2

The court found Mr. Olds responsible for 6.25 kilograms of crack cocaine. According to the Drug Quantity Table in effect at the time Mr. Olds's sentence was amended, Mr. Olds was assigned a Base Offense Level of 38 (the highest level listed) because his case involved "1.5 KG or more of Cocaine Base."  U.S.S.G. § 2D1.1 (1996).  Amendment 706 changed § 2D1.1(c) so that Base Offense Level 38 now applies to "4.5 KG or more of Cocaine Base."  U.S.S.G. § 2D1.1(c) & app. C Supp. Amend. 706.  Mr. Olds's relevant conduct included more than 4.5 kilograms of cocaine base, and so his Base Offense Level remains unchanged by Amendment 706. Thus, his applicable guideline range is not lowered and a reduction in sentence based on Amendment 706 is not authorized.  U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Sharkey*, 2008 WL 4482893, at *2 (10th Cir. Oct. 7, 2008); *United States v. Herrera*, No. 08-6046, 2008 WL 4060168, at *4 (10th Cir. Sept. 3, 2008) (unpublished); *United States v. Williams*, No. 08-5014, 2008 WL 3861175, at *2 (10th Cir. Aug. 15, 1008) (unpublished).[1]

Mr. Olds also argues that this court nonetheless has jurisdiction to consider a sentence reduction because the policy statement in § 1B1.10 is invalid.  In support of this contention, Mr. Olds compares the precise language of § 1B1.10 and § 3582(c). Section 3582(c) applies to situations where a "sentencing range" has been lowered,

---

[1]   Pursuant to Tenth Circuit Rule 32.1(A), the court cites these unpublished opinions for their persuasive value.

3

but § 1B1.10 allows for reduced sentences only where a defendant's "guideline range" has been lowered.  The difference in terminology—sentencing range versus guideline range—renders § 1B1.10 invalid because it conflicts, and in fact narrows, the language of the statute, Mr. Olds asserts.

This distinction is unclear at best, particularly given that § 3582(c) references a "sentencing range" as determined by the guidelines, which would appear to mean, then, the same thing as a "guideline range."  The only relevant range for purposes of calculating Mr. Olds's sentence is the range listed on the Sentencing Table of the Guidelines, arrived at by finding the intersection of his Offense Level and his Criminal History Category.  Even under the amended version of the Drug Quantity Table, Mr. Olds's starting Base Offense Level is 38, just as it was when his sentence was amended.  Thus, § 3582(c) affords Mr. Olds no relief because Amendment 706 had no effect on his applicable sentencing range.

Finally, Mr. Olds requests a hearing for the court to impose a new sentence and to specifically consider the factors discussed in 18 U.S.C. § 3553(a).  Mr. Olds relies on the above § 3582(c) arguments and on *United States v. Booker* and its progeny to support his request for a new sentencing hearing.  But his argument clearly has been foreclosed in the Tenth Circuit.  *See Sharkey*, 2008 WL 4482893, at *2; *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006).  *Booker* does not provide a separate basis on which to reduce a defendant's sentence.  *Sharkey*, 2008 WL 4482893, at *2; *Price*, 439 F.3d at 1007.

4

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to

Reduce Sentence (Doc. 1117) is denied.


**IT IS SO ORDERED** this 26th day of November, 2008.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge